Mark Berkowitz
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel:  (212) 216-8000
Fax:  (212) 216-8001
mberkowitz@tarterkrinsky.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------------- x
ENG SALES LLC,

                Plaintiff,

    v.

REALSTUFF, INC. dba YELLOWBIRD FOODS
and DOES 1-5,

                Defendants.
---------------------------------------------------------------- x

**Civil Action No. 23-cv-4463**

**COMPLAINT AND JURY TRIAL DEMAND**

*Electronically Filed*

Plaintiff ENG Sales LLC ("Plaintiff"), by and through its counsel, for its Complaint against Realstuff, Inc. dba Yellowbird Foods ("Yellowbird") and Does 1-5 ("Doe Defendants") (collectively, "Defendants"), alleges as follows:

### INTRODUCTION

1. Defendants are engaged in an unlawful scheme to manipulate, fix, and control the pricing for consumer products on online marketplaces.

2. In furtherance of the scheme, Defendants knowingly and deliberately submit false reports of intellectual property infringement to online platforms, including Amazon.com, in order to prevent third parties from reselling genuine products on the marketplace at competitive prices.

3. This action seeks redress for these tortious, defamatory and anticompetitive activities.

## PARTIES

4. Plaintiff is a corporation organized and existing under the laws of the State of New Jersey, with a place of business at 12 Kielt Way, Lakewood, NJ 08701.

5. On information and belief, Defendant Yellowbird is a company organized and existing under the laws of Texas, with a principal place of business at 1600 Clovis R Barker Rd Suite 306, San Marcos, TX 78666.

6. On information and belief, Doe Defendants are individuals and entities that assist Yellowbird in the unlawful activities described herein.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

8. Defendants are subject to general and specific jurisdiction in this Court, *inter alia*, because they conduct business in the District and have committed at least some of the acts complained of herein within this District.

9. On information and belief, Defendant Yellowbird does business in the State of New Jersey, sells large quantities of various products, including consumer food products, to customers in New Jersey, engages distributors based in New Jersey, maintains an interactive website accessed by residents of New Jersey, and otherwise avails itself of the privilege of doing business in the State of New Jersey.

10. Each of the Defendants have purposely directed their activities, including the illegal acts against Plaintiff described below, toward this District and this action arises from those activities.

11. Specifically, at all relevant times, Defendants were aware the Plaintiff resided in New Jersey and that their illegal acts would cause harm to Plaintiff in New Jersey. Specifically, Plaintiff's Amazon storefront identifies Plaintiff's place of business in New Jersey.

12. Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District and the Defendants are subject to personal jurisdiction in this District.

## BACKGROUND FACTS

13. Defendant Yellowbird is in the business of manufacturing and distributing consumer food products, including products sold under the YELLOWBIRD FOOD marks ("Yellowbird Products").

14. Defendant Yellowbird is the owner of U.S. Trademark Registration No. 5428976 for YELLOWBIRD FOODS ("the Yellowbird Registration").

15. Plaintiff is in the business of lawfully acquiring and re-selling various consumer products for a profit.

16. Plaintiff resells products through an Amazon storefront.

17. Since its formation, Plaintiff has served hundreds of thousands of customers through its Amazon storefront.

18. Defendants' illegal actions have irreparably damaged, and threaten to destroy, Plaintiff's successful business.

## ONLINE MARKETPLACES

19. Upon information and belief, Amazon is the world's largest online retailer.

20. According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html.

21. Amazon's online e-commerce platform allows for third-parties, like Plaintiff, to sell products on its e-commerce platform.

22. The privilege of selling on Amazon is highly advantageous, as Amazon provides third-parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

23. Plaintiff has a contractual and business relationship with Amazon, such that Plaintiff was and is permitted to sell products on Amazon's e-commerce platform.

24. Third-party sellers, like Plaintiff, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product. Thus, Plaintiff has the online equivalent of a brick-and-mortar store.

25. A significant portion of Plaintiff's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

26. Once Plaintiff acquires products from reputable sources, Plaintiff resells the same products on Amazon at a profit.

27. In general, transactions on Plaintiff's Amazon storefront are completed by Amazon, whereby Amazon ships Plaintiff's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

28. Plaintiff has invested significant efforts into building a successful and reputable Amazon storefront.

29. Plaintiff's Amazon storefront has amassed over twenty-four thousand reviews and a holds a near perfect customer rating.

30. A small sample of Plaintiff's recent reviews are shown below:



31. Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury to Plaintiff.

### DEFENDANTS ATTEMPT TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS

32. On information and belief, Defendants seek to increase their profits by controlling the distribution and pricing of their products, including the Yellowbird Products, through unlawful means.

33. As demonstrated below, Defendants have engaged in a coordinated effort to preclude select third-parties from reselling genuine Yellowbird Products on online marketplaces by false allegations of intellectual property infringement and defamation.

34. On information and belief, the purpose of these false complaints and defamatory statements was to prevent Plaintiff from selling genuine Yellowbird Products on Amazon.

35. On information and belief, the purpose of these false complaints was to damage Plaintiff's reputation and goodwill, such that Amazon would suspend or terminate its relationship with Plaintiff.

36. Because Plaintiff sells only genuine products through its Amazon storefront, Defendants have no legitimate intellectual property claim(s) against Plaintiff.

37. Under the first sale doctrine, Plaintiff is lawfully permitted to re-sell Yellowbird Products without violating the intellectual property rights or other legal rights of Defendants.

38. The first sale doctrine provides that, once a manufacturer places a product in the stream of commerce through its first sale, it can no longer enforce its intellectual property rights with regard to re-sellers, so long as the re-sellers are selling authentic, unaltered products.

39. It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

40. As one Amazon expert explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.
>
> ***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.

> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

41. On information and belief, Defendants were, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

42. On information and belief, Defendants were, at all relevant times, aware that Amazon will act on reports of trademark infringement, regardless of the truth of the report.

43. Defendants filed complaints with Amazon that alleged that Plaintiff was selling Yellowbird Products that infringed the Yellowbird Registration.

44. Defendants knew, or should have known, that such allegations were false.

45. Each complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of Defendants.

46. For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

> "I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

Report Infringement, https://www.amazon.com/report/infringement (last visited October 31, 2019).

47. Once confirmed through discovery, all other individual(s) responsible for the false intellectual property complaints described below, will be added as defendants in this action.

48. In April 2023, Plaintiff received a notice from Amazon stating that Defendant Yellowbird reported to Amazon that Plaintiff was selling Yellowbird Products that infringed the Yellowbird Registration. Specifically, Defendant Yellowbird false stated to Amazon that the "packaging" of the product sold by Plaintiff was incorrect. The complaint was assigned Complaint ID: 13127875341 and related to ASIN: B00TBFMXGE.

49. The above report relates to a Yellowbird Product, which is referenced by its Amazon Standard Identification Numbers ("ASIN").

50. The Yellowbird Product identified in the above report was genuine.

51. The Yellowbird Product identified in the above report was distributed by Defendants.

52. On information and belief, prior to filing the above report, Defendants knew, or should have known, that the Yellowbird Product sold by Plaintiff did not infringe the above cited Yellowbird Registration.

53. On information and belief, Defendants' allegation that the above Yellowbird Product was infringing was knowingly false and made in bad faith.

54. On information and belief, prior to filing the above reports, Defendants knew, or should have known, that the Yellowbird Products sold by Plaintiff did not infringe the above cited Yellowbird Registration.

55. On information and belief, Defendants' allegations that the above Yellowbird Products infringed Defendants' trademark rights was knowingly false and made in bad faith.

**DEFENDANTS AGREE TO RETRACT THEIR FALSE REPORT TO AMAZON AND FAIL TO FOLLOW THROUGH**

56. The above false reports are part of an ongoing and continuous course of conduct by Defendants to interfere in Plaintiff's ability to resell Yellowbird Products.

57. On or about June 29, 2023, counsel for Plaintiff contacted Defendants regarding the report and requested, either: (1) an explanation for the report; or (2) a retraction of the report.

58. On or about August 1, 2023, Plaintiff received a response from Defendants that did not provide an explanation for the report; nevertheless, Defendants refused to retract the report.

59. To date, Defendants have failed to retract the false complaint.

## HARM TO PLAINTIFF

60. As a result of the above false rights complaints, Plaintiff's listings relating to Yellowbird Products were suspended, resulting in an immediate loss of revenue.

61. It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiff's ability to sell any and all products on Amazon would be lost.

62. On information and belief, Defendants were aware that complaints to Amazon, particularly those alleging trademark infringe, result in selling suspensions.

63. On information and belief, Defendants have used these same tactics, namely filing false infringement complaints, against other Amazon sellers.

64. At no time has Plaintiff ever sold Yellowbird Products that infringed any of Defendants' intellectual property or other legal rights.

65. The Yellowbird Products sold by Plaintiff were, at all times, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

66. Defendants knowingly made false intellectual property rights complaints against Plaintiff.

67. Upon information and belief, the true purpose of these complaints was to ensure the suspension of Plaintiff's marketplace listings, control pricing and eliminate fair competition.

## COUNT I - DECLARATORY JUDGMENT
(No Trademark Infringement)

68. Plaintiff realleges and incorporates all previous paragraphs.

69. Defendants manufacture and distribute Yellowbird Products and place such products into the stream of commerce.

70. Plaintiff stocks, displays, and resells new, genuine Yellowbird Products, each bearing a true mark.

71. Defendants have submitted one or more complaints to Amazon that state that Plaintiff sold Yellowbird Products that infringed, *inter alia*, the Yellowbird Registration.

72. The Yellowbird Products sold by Plaintiff were not infringing.

73. On information and belief, at the time that Defendants submitted their complaints to Amazon, Defendants purchased and examined the Yellowbird Product offered for sale by Plaintiff.

74. Defendants' complaints caused the suspension of Plaintiff's selling privileges as they relate to Yellowbird Products.

75. As a result of the suspension of Plaintiff's selling privileges, Plaintiff was unable to sell inventory of Yellowbird Products on the Amazon.com platform.

76. Defendants' complaints put Plaintiff in jeopardy of permanent suspension of all selling privileges, which will cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

77. Under these facts, an actual controversy exists between Plaintiff and Defendants.

78. Plaintiff is entitled to a declaratory judgment that it has not violated Defendants' trademark rights or other rights, whether under Federal or State law.

## COUNT II – DEFAMATION

79. Plaintiff realleges and incorporates all previous paragraphs.

80. Defendants published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff's Yellowbird Products infringed the Yellowbird Registration.

81. Plaintiff did not infringe the Yellowbird Registration.

82. Defendants' false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges related to Yellowbird Products.

83. Defendants' false statements were injurious to Plaintiff's business because they caused Amazon's and Plaintiff's customers to avoid purchasing products from Plaintiff.

84. Upon information and belief, Defendants were, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendants knew that Plaintiff sells genuine products.

85. Defendants' false statements are not protected by any privilege.

86. Defendants acted with actual malice or with reckless disregard for the truth of the matter contained in Defendants' false statements to Amazon and Plaintiff's customers.

87. False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

88. Here, Defendants published statements that Plaintiff was engaged in trademark infringement.

89. Defendants' false statements constitute defamation per se.

90. Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling Yellowbird Products and damage to its relationship with Amazon and its customers.

91. Whether by defamation per se or by special harm, Plaintiff has suffered injury as Plaintiff's selling privileges related to Yellowbird Products have been suspended and Plaintiff has lost sales of Yellowbird Products and many other products.

92. Plaintiff is entitled to damages, costs, and fees as allowed by law.

93. Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

### COUNT III – TRADE LIBEL

94. Plaintiff realleges and incorporates all previous paragraphs.

95. Defendants knowingly published false and derogatory statements regarding Plaintiff's business.

96. Specifically, Defendants published false and materially derogatory statements that Plaintiff was selling infringing Yellowbird Products.

97. Defendants' statements that Plaintiff was selling infringing Yellowbird Products were calculated to prevent others (including Amazon and Amazon's customers) from doing business with Plaintiff and interfered with Plaintiff's business relationships with these parties.

98. As discussed above, on information and belief, Defendants knew that submitting false complaints to Amazon would cause Amazon to suspend Plaintiff's product listings.

99. Plaintiff suffered special damages as a result of Defendants' statements in the form of lost dealings.

100. As a result of Defendants' false rights owner complaints, Plaintiff's product listings were removed from Amazon resulting in a direct and immediate loss in revenue.

101. Plaintiff is entitled to damages, costs, and fees as allowed by law.

102. Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

103. Plaintiff realleges and incorporates all previous paragraphs.

104. Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

105. Plaintiff is also in a contractual relationship with Amazon. Specifically, Plaintiff has entered into the Amazon Services Business Solutions Agreement ("BSA") with Amazon.

106. The BSA, including Paragraph S-1.2: (1) allows Plaintiff to list products for sale on the Amazon marketplace and promote the products; and (2) requires that Amazon process orders and remit payment to Plaintiff for sales.

107. At all relevant times, Defendants were aware of Plaintiff's business relationship with Amazon, as well as Plaintiff's contractual relationship with Amazon.

108. At all relevant times, Defendants were aware of the terms and conditions of Amazon's BSA and related policies, as well as the advantageous business relationship that comes with being an Amazon seller.

109. Defendants intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by complaining, in writing, to Amazon, that Plaintiff was selling infringing products.

110. Defendants' conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon, including a breach of Paragraph S-1.2 of the BSA.

111. Defendants intended to cause Amazon to suspend Plaintiff's ability to sell Yellowbird Products on Amazon and therefore interfere with the business relationship Amazon had with Plaintiff.

112. Defendants had actual knowledge that their actions would cause Amazon to suspend Plaintiff's ability to sell Yellowbird Products on Amazon.

113. Defendants' accusations of infringement, made directly to Amazon, were for the improper purpose of suppressing competition.

114. Defendants' actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's listings of Yellowbird Products to be suspended.

115. Defendants' actions interfered with Plaintiff's business relationship with Amazon and proximately caused the suspension of Plaintiff's selling privileges.

116. The intentions of Defendants are demonstrated by the fact that Defendants did not perform any test purchases prior to alleging that the products sold by Plaintiff were inauthentic.

117. The intentions of Defendants are demonstrated by the fact that Defendants have never offered any coherent explanation for their reports of trademark infringement.

118. Defendants' accusations were false and were made maliciously and with ill will.

119. Plaintiff has been damaged by suspension of these listings by losing revenue related to Yellowbird Products.

120. Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

121. Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment as follows:

    A.    An order declaring that Plaintiff has not infringed any valid and enforceable intellectual property right owned by Defendants, including the Yellowbird Registration;

    B.    Preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with Defendants, from filing complaints with Amazon and any other e-commerce platform.

    C.    Injunctive relief requiring Defendants to rescind all complaints that they have filed against Plaintiff;

    D.    An award of all damages that Plaintiff has suffered as a result of Defendants' defamation;

    E.    An award of all damages that Plaintiff has suffered as a result of Defendants' trade libel;

    F.    An award of all damages that Plaintiff has suffered as a result of Defendants' tortious interference;

    G.    An award of all costs and fees incurred in this Action; and

    H.    Such other and further relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated:  August 15, 2023 Respectfully submitted,

TARTER KRINSKY & DROGIN LLP

By: *s/ Mark Berkowitz*
    Mark Berkowitz
    1350 Broadway
    New York, NY  10018
    Tel.:     (212) 216-8000
    Fax:     (212) 216-8001
    E-mail: mberkowitz@tarterkrinsky.com

***Attorneys for Plaintiff***

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, Plaintiff, through its attorneys, certifies that the matter in controversy is not the subject of any action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  August 15, 2023　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　TARTER KRINSKY & DROGIN LLP

　　　　　　　　　　　　　　　　　　By:  *s/ Mark Berkowitz*
　　　　　　　　　　　　　　　　　　　　Mark Berkowitz
　　　　　　　　　　　　　　　　　　　　1350 Broadway
　　　　　　　　　　　　　　　　　　　　New York, NY  10018
　　　　　　　　　　　　　　　　　　　　Tel.:　(212) 216-8000
　　　　　　　　　　　　　　　　　　　　Fax:　(212) 216-8001
　　　　　　　　　　　　　　　　　　　　E-mail: mberkowitz@tarterkrinsky.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

## LOCAL CIVIL RULE 201.1 CERTIFICATION

Pursuant to Local Civil Rule 201.1, Plaintiff, through its attorneys, certifies that the above captioned matter is not subject to compulsory arbitration.

Dated:  August 15, 2023                                  Respectfully submitted,

                                                              TARTER KRINSKY & DROGIN LLP

                                      By:  *s/ Mark Berkowitz*
                                                   Mark Berkowitz
                                                   1350 Broadway
                                                 New York, NY  10018
                                                 Tel.:    (212) 216-8000
                                                 Fax:    (212) 216-8001
                                                 E-mail: mberkowitz@tarterkrinsky.com

                                                 ***Attorneys for Plaintiff***