UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ENG SALES LLC,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**REALSTUFF, INC. d/b/a YELLOWBIRD FOODS,** *et al.***,**<br><br>　　　　Defendants. | Case No. 23–04663–ESK–SAK<br><br><br>**OPINION** |

**KIEL, U.S.D.J.**

 **THIS MATTER** is before the Court on defendant RealStuff Inc.'s motion to dismiss (Motion) plaintiff's complaint pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). (ECF No. 13.) Plaintiff filed an opposition to the Motion. (ECF No. 15.) For the following reasons, the Motion is **DENIED in part** and **GRANTED in part**.

 **I. BACKGROUND**

 Defendant manufactures and sells food products for which it owns a registered trademark. (ECF No. 1 ¶¶ 13, 14.) Defendant sells its products through authorized distributors, such as Amazon. (ECF No. 9; ECF No. 13–3 p. 5; *see* ECF No. 1 ¶ 16.) Plaintiff is a third-party seller on Amazon and resells defendant's products through its Amazon storefront. (ECF No. 1 ¶¶ 16, 23, 38.)

 The complaint alleges that in April 2023, defendant falsely reported plaintiff to Amazon for trademark infringement. (*Id.* ¶ 48.) Specifically, defendant filed a report with Amazon alleging that plaintiff was selling defendant's products with incorrect packaging. (*Id.*) According to plaintiff, "Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not." (*Id.* ¶ 39.) In other words, while an

intellectual property owner who submits a complaint to Amazon must declare under penalty of perjury that the information contained in the complaint is correct, Amazon does not independently verify the accuracy of the complaints it receives. (*Id.* ¶¶ 40, 45, 46.) Plaintiff claims that "at all times," it sold only "authentic" and "genuine" products manufactured by defendant, and thus it did not violate defendant's intellectual property rights. (*Id.* ¶¶ 50, 65.)

As a result of defendant having reported plaintiff, Amazon suspended plaintiff's listings relating to defendant's products, and plaintiff was caused to lose revenue. (*Id.* ¶ 60.) Plaintiff claims that defendant "knowingly and deliberately" submitted a false report to Amazon as means "to ensure the suspension of [p]laintiff's marketplace listings, control pricing[,] and eliminate fair competition." (*Id.* ¶¶ 2, 67.)

Plaintiff commenced this action on August 15, 2023, seeking monetary and injunctive relief, as well as a declaratory judgment. (*Id.* p. 15.) The complaint raises claims for defamation, trade libel, and tortious interference with contract and business relations. (*Id.* ¶¶ 68–121.) On October 27, 2023, defendant filled a letter requesting a pre-motion conference for leave to file a motion to dismiss (ECF No. 9), which plaintiff opposed (ECF No. 11). With leave from the Court (ECF No. 12), defendant filed the Motion on November 30, 2023 (ECF No. 13). Plaintiff opposed the Motion on January 2, 2024 (ECF No. 15) and while defendant was granted extra time to file a reply, defendant did not file a brief in further support of the Motion. (*See* ECF No. 16.)

## II.  LEGAL STANDARD

When considering a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has

failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the sufficiency of a complaint, a court must take three steps. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). "First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim. *Id.* (alterations in original) (quoting *Iqbal*, 556 U.S. at 675). "Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679.) Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (alterations in original) (quoting *Iqbal*, 556 U.S. at 679). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790.

### III. DISCUSSION

As plaintiff noted in its letter (ECF No. 11) responding to defendant's request for a pre-motion conference (ECF No. 8) and in opposition to the Motion (ECF No. 15), courts in this district have denied similar motions to dismiss and rejected most of the arguments raised by defendant here. Plaintiff cites to: (1) *Hotaling & Co., LLC v. Berry Sols. Inc.*, No. 20-18718, 2022 WL 4550145 (D.N.J. Sept. 29, 2022) (*Berry*); (2) *Hotaling & Co., LLC v. LY Berditchev Corp.*, No. 20-16366, 2022 WL 1134851 (D.N.J. Apr. 18, 2022) (*Hotaling*); (3) *LY Berditchev, Corp. v. Truss Cosmetics. Corp.*, No. 22-04242, 2023 WL 334539 (D.N.J. Jan. 20,

3

2023) (*Truss*); and (4) *Preferred Pharmacy Plus LLC v. Convatec Inc.*, No. 22-03619, ECF No. 28, (D.N.J. Aug. 11, 2023) (*Convatec*).[1]

In each of these cases, the plaintiffs sought redress for the defendants' alleged false reports to Amazon of trademark infringement. Those plaintiffs similarly raised claims for declaratory judgment, defamation, and tortious interference. While the defendants moved to have the plaintiffs' complaints dismissed, the district judges found the defendants' arguments to be largely meritless.

Defendant had an opportunity to argue why these cases are inapplicable and distinguishable from this matter. Defendant did not take the opportunity.

### A.    Declaratory Judgment (Count I)

"The Declaratory Judgments Act provides that a court 'may' declare the rights and other legal relations of any interested party seeking such declaration." *Truss*, 2023 WL 334539 at *5 (quoting *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1170 (3d Cir. 1987)). "To warrant issuance of a declaratory judgment, '[t]here must be a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality.'" *Id.* (alteration in original) (quoting *Zimmerman*, 834 F.2d at 1170). "The fundamental test is whether the plaintiff seeks merely advice or whether a real question of conflicting legal interests is presented for judicial determination." *Id.* (quoting *Zimmerman*, 834 F.2d at 1170).

Defendant argues that "[p]laintiff is not entitled to declaratory relief as there is no real and/or imminent/immediate threat to plaintiff" and plaintiff is "seek[ing] legal advice from the [c]ourt." (ECF No. 13–3 pp. 8–10.) Defendant

---

[1] Counsel in this matter are the same counsel that represented the parties in *Truss*. Plaintiff's counsel in this matter also represented the plaintiff in *Convatec* and the defendants/counterclaimants in *Berry* and *Hotaling*,

4

notes that not only is "[p]laitniff … still selling all products, including products of [d]efendant on Amazon," but that [p]laintiff was never suspended from selling under Amazon." (*Id.* at p.8)

Plaintiff, however, pleads otherwise and indicates that Amazon suspended its account upon defendant reporting plaintiff in April 2023. (ECF No. 1 ¶ 60.) At this stage, I must accept all well-pleaded allegations in the complaint as true and must accept that Amazon did in fact suspend plaintiff. Furthermore, defendant contradicts its allegation that plaintiff was "never suspended" when noting that "while [p]laintiff cannot sell the particular product [which defendant alleged plaintiff was infringing upon] individually, [plaintiff] continue[s] to sell that same product within a two-pack variation." (ECF No. 13–3 p.9.)

Accordingly, the controversy as alleged sufficiently sets forth a viable claim for declaratory judgment and dismissal of this claim is not warranted. (*See* ECF No. 1 ¶¶ 68–78.) A declaration that plaintiff has not infringed on defendant's trademark might prompt Amazon to resume plaintiff's suspended selling privileges. Such a declaration may also cure any harm plaintiff suffered beyond this particular action. *See Truss*, No. 22-004242, 2023 WL 334539, at *5 (D.N.J. Jan. 20, 2023) (citing a case from the Northern District of Illinois wherein the court denied a motion to dismiss counterclaims for declaratory judgment because "a claim that a defendant sells counterfeit goods is serious and can affect the defendant's business beyond the particular case").

### B.     Defamation (Count II)

"To establish defamation under New Jersey law, a plaintiff must show [that] the defendant (1) made a false and defamatory statement concerning the plaintiff, (2) communicated the statement to a third party, and (3) had a sufficient degree of fault. *Truss*, 2023 WL 334539, at *7 (alteration in original)

5

(quoting *Mangan v. Corp. Synergies Grp., Inc.*, 834 F.Supp.2d 199, 204 (D.N.J. 2011)). "Truth may be asserted as a defense to a defamation action 'even when a statement is not perfectly accurate.'" *Berry*, 2022 WL 4550145 at *6 (quoting *Hong Zhuang v. EMD Performance Materials Corp.*, 2018 WL 3814282, at *9 (D.N.J. Aug. 10, 2018)). "That is because '[t]he law of defamation 'overlooks minor inaccuracies and concentrates upon substantial truth.'" *Id.* (alteration in original) (quoting *Read v. Profeta*, 397 F.Supp.3d 597, 651 (D.N.J. 2019)). In other words, "[m]inor inaccuracies do not amount to falsity so long as the substance, the gist, the sting, of the libelous charge be justified." *Id.* (quoting *Read*, 397 F.Supp.3d at 651).

Defendant takes issue with plaintiff failing to include with its complaint the notification it received from Amazon and the report defendant filed. (ECF No. 13–3 pp. 10, 11.) Defendant also argues that because its report to Amazon merely advised Amazon of a possible infringement, not only does plaintiff fail to allege that defendant made a defamatory statement, defendant is also shielded from liability pursuant to the litigation privilege. (*Id.*)

I accept as true plaintiff's claims that defendant made false statements that plaintiff was infringing on defendant's intellectual property. (ECF No. 1 ¶¶ 79–93.) Although plaintiff did not reproduce the notifications it received from Amazon, our courts have declined to dismiss a defamation claim where, like here, the claim is otherwise supported. *See Berry*, 2022 WL 4550145, at *6 (finding that although discovery may prove otherwise, because the trademark infringement report "to Amazon was far from justified," the defamation claim was sufficiently pleaded); *Hotaling*, 2022 WL 1134851, at *6 (same). Plaintiff's defamation claim is supported by allegations that the products at issue "were, at all times, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully." (ECF No.

1 ¶ 65.) Plaintiff also provides that it "sells only genuine products through its Amazon storefront." (*Id.* ¶ 36.)

As to the litigation privilege, when the statements at issue were made before the underlying litigation commenced and not made for the purpose of commencing a lawsuit, the litigation privilege does not apply. Like in *Berry*, *Hotaling*, *Truss*, and *Convatec*, defendant's report to Amazon was not sent in connection with a judicial proceeding and not intended to achieve the objects of any litigation. Hence, the litigation privilege does not apply here, and plaintiff's defamation claim may proceed.

### C. Trade Libel (Count III)

"Defamation and trade libel are similar causes of action but remedy different harms." *Pacira BioSciences, Inc. v. Am. Soc'y of Anesthesiologists, Inc.*, 63 F.4th 240, 244 (3d Cir. 2023). "While defamation remedies harm to one's reputation, trade libel remedies harm to the reputation of one's property or product." *Id.* at 245. "In other words, trade libel only goes to comments regarding an actual product or service of a company." *Read*, 397 F.Supp.3d at 651 n. 37. Despite their differences, both causes of action protect similarly important interests in the free flow of information and are thus subject to the same privileges, or limitations, that render certain statements nonactionable." *Pacira BioSciences, Inc.*, 63 F.4th at 245.

"To prove a claim of trade libel under New Jersey law, a plaintiff 'must demonstrate (1) publication (2) with malice (3) of false allegations concerning its property, product or business, and (4) special damages, i.e., pecuniary harm.'" *Read*, 397 F. Supp. 3d at 651 (quoting *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 47 F.Supp.2d 523, 538 (D.N.J. 1999)).

Defendant argues that plaintiff fails to satisfy these elements. (ECF No. 13–3 pp. 12–14.) Given that defendant's report concerning plaintiff was made

7

only to Amazon, defendant argues that this report is not public nor publicized in any form. (*Id.* p. 12.) Furthermore, defendant notes that it is "not malicious to enforce one's own intellectual property rights" and a "general diminution" in business is not a sufficient pecuniary harm. (*Id.* pp. 13, 14.)

"Publication" is defined as "communication ... made to a third person ... [that] play a material part in inducing others not to deal with plaintiff." *Intervet, Inc. v. Mileutis, Ltd.*, No. 15-01371, 2016 WL 740267, at *7 (D.N.J. Feb. 24, 2016) (quoting *Patel v. Soriano*, 369 N.J. Super. 192, 246–47 (App. Div. 2004)). Hence, defendant's communication with Amazon reporting plaintiff of infringing its trademark is a publication to a third-party. Since plaintiff claims that defendant knew that the product at issue was genuine and authentic yet reported plaintiff to gain a competitive advantage in the market (ECF No. 1 ¶¶ 53–55), the malice element is also satisfied. *See Berry*, 2022 WL 4550145, at *4.

Plaintiff, however, fails to sufficiently plead special damages. While plaintiff need not specify the customers it lost, plaintiff must plead other facts sufficient to show a general diminution of business. *Intervet, Inc.*, 2016 WL 740267, at *6. For example,

> if predicating its claim on a general diminution in business, plaintiff should ... allege[ ] facts showing an established business, the amount of sales for a substantial period preceding the publication, the amount of sales for a [period] subsequent to the publication, facts showing that such loss in sales were the natural and probable result of such publication, and facts showing the plaintiff could not allege the names of particular customers who withdrew or withheld their custom.

*Id.* (quoting *Mayflower Transit, LLC v. Prince*, 314 F. Supp. 2d 362, 378 (D.N.J. 2004)).

Where, as here, a party "merely avers generally that '[a]s a direct and proximate results of the trade libel … [it] has incurred and will continue to suffer damages," our courts have found that special damages have not been sufficient plead. *Id.* Accordingly, this claim (ECF No. 1 ¶¶94–102) shall be dismissed without prejudice.

### D. Tortious Interference (Count IV)

Plaintiff raises claims for tortious interference with contact and tortious interference with business relations. (*Id.* ¶¶103–121.) Defendant argues that both claims "set[] forth conclusory and generalized statements (without any factual support whatsoever)," and are "duplicative." (ECF No. 13–3 pp. 14–17). Plaintiff argues that it has sufficiently pleaded these claims and since they are raised in the alternative, they are not duplicative. (ECF No. 15 p.27.)

#### 1. Tortious Interference with Contract

"To assert a claim for tortious interference with contract under New Jersey law, a plaintiff must allege '(1) an existing contractual relationship; (2) intentional and malicious interference with that relationship; (3) loss or breach of a contract as a result of the interference; and (4) damages resulting from that interference.'" *Berry*, 2022 WL 4550145, at *4 (quoting *Fid. Eatontown, LLC v. Excellency Enter., LLC*, 2017 WL 2691417, at *6 (D.N.J. June 22, 2017)).

Plaintiff has failed to adequately allege the third element of a tortious interference with contract claim—i.e., "loss or breach" of the contractual relationship. While plaintiff alleges the existence of a contractual relationship with Amazon, it merely alleges that its relationship with Amazon was "suspended" as a result of defendant's report. (ECF No. 1 ¶¶23, 60.) As the *Berry* and *Hotaling* courts found, claims of suspension are not sufficient to sustain a tortious interference with contract claim. *Id.* at *4, 5; *Hotaling*, 2022

9

WL 1134851, at *4, 5. Plaintiff fails to describe the purported contract or otherwise provide any details regarding its terms, including how Amazon's suspension of its listings would amount to a breach. Also, by pleading that Amazon has a policy of virtually acting on any notice of intellectual property infringement, plaintiff "weakens the argument that suspension constitutes a contractual breach." *See Berry*, 2022 WL 4550145, at *4, 5.

### 2. Tortious Interference with Business Relations

"To establish a tortious interference with business relations claim, a plaintiff must allege that: (1) it had some 'reasonable expectation of economic advantage'; (2) the defendant's actions were 'malicious' such that 'the harm was inflicted intentionally and without justification or excuse'; (3) the interference 'caused the loss of the prospective gain or there was a reasonable probability that the plaintiff would have obtained the anticipated economic benefit'; and (4) 'the injury caused the plaintiff damage.'" *See id.*, at *5 (quoting *Waldman Seafood, Inc. v. Mical Seafood, Inc.*, 2014 WL 2887855, at *7 (D.N.J. June 24, 2014)).

Plaintiff claims that defendant reported plaintiff to Amazon despite knowing that plaintiff was selling genuine and authentic products. (ECF No. 1 ¶53.) Plaintiff claims that defendant did this in bad faith for the wrongful purpose of interfering with plaintiff's business relationship with Amazon, to control pricing, and to eliminate competition. (*Id.* ¶¶53-55.) In other words, defendants took part in wrongful conduct undertaken with wrongful means. The other elements are satisfied for the reasons already explained. Accordingly, these allegations are sufficient to prevent dismissal of this claim.

## IV. CONCLUSION

For the reasons set forth above, the Motion is **DENIED in part** and **GRANTED in part**. Count III and the claim for tortious interference with contract in Count IV are dismissed without prejudice.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated: May 14, 2024